United States District Court
Middle District of Florida
Jacksonville Division

**MALIBU MEDIA, LLC,**

    *Plaintiff,*

v.                                                                                                    **NO. 3:14-CV-1038-J-32PDB**

**JOHN DOE,**
**SUBSCRIBER ASSIGNED IP ADDRESS 50.156.158.109,**

    *Defendant.*

---

## Order Granting Plaintiff's Ex Parte Motion for Early Discovery

Malibu Media, the owner of a subscription-based pornography website, has requested permission to serve Comcast Cable with a subpoena before the Fed. R. Civ. P. 26(f) conference. Doc. 6.[1]

### Background

This is one of thousands of cases by copyright owners alleging infringement by use of BitTorrent protocol.[2] Because many courts have already done so, the Court will

---

[1] Malibu Media has filed its motion and supporting memorandum of law as separate documents. Docs. 6, 6-1. For future motions, the Court directs counsel to Local Rule 3.01(a), which requires a motion and supporting memorandum of law to be "in a single document."

[2] Malibu Media has filed 194 cases in the Middle District of Florida alone. The Court is entering the same order in several of them filed at the same time, requesting the same relief, and raising the same issues. *See* Nos. 3:14-cv-1039, 3:14-cv-1040, 3:14-cv-1041, 3:14-cv-1042, 3:14-cv-1043, 3:14-cv-1044, 3:14-cv-1046. The Court previously entered similar orders in other cases: 3:13-cv-1578, 3:13-cv-1579, 3:13-cv-1580, 3:13-cv-1581, 3:13-cv-1582, and 3:13-cv-1583.

refrain from describing the protocol here.[3] Suffice it to say that plaintiffs in these cases seek early discovery because they know the internet-protocol (IP) addresses linked to the alleged infringement but not the names of the subscribers linked to the addresses.

Courts have had misgivings about these cases. Are plaintiffs inappropriately joining defendants?[4] Do plaintiffs have good-faith bases for alleging that venue is proper and that the court has personal jurisdiction over the defendants?[5] Are mere IP-address associations sufficient to state infringement claims?[6] If the alleged infringement concerns pornography, are plaintiffs inappropriately using the judicial system to extract quick and quiet settlements from possibly innocent defendants paying only to avoid embarrassment?[7]

In this seemingly next generation of Bit-Torrent litigation, Malibu Media has sought to allay those misgivings. It has not joined defendants. It has traced the IP

---

[3]*See, e.g., Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1026−27 (9th Cir. 2013); *Malibu Media, LLC v. Does 1−28*, 295 F.R.D. 527, 529–30 (M.D. Fla. 2012).

[4]*See, e.g., reFX Audio Software Inc. v. Does 1−85*, No. 13C01790, 2014 WL 1293816, at *4−7 (N.D. Ill. Mar. 24, 2014) (unpublished); *TCYK, LLC v. Does 1−44*, No. 13-cv-3825, 2014 WL 656786, at *3 (N.D. Ill. Feb. 20, 2014) (unpublished); *Malibu Media, LLC v. Does 1−28*, 295 F.R.D. 527, 531–32 (M.D. Fla. 2012).

[5]*See, e.g., Flava Works, Inc. v. Does*, No. 12C07869, 2014 WL 222722, at *3−4 (N.D. Ill. Jan. 21, 2014) (unpublished); *Digiprotect USA Corp. v. Does 1−266*, No. 10 Civ. 8759, 2011 WL 1466073, at *3−4 (S.D.N.Y. Apr. 13, 2011) (unpublished).

[6]*See, e.g., Elf-Man, LLC v. Cariveau*, No. C13-0507RSL, 2014 WL 202096, at *2−4 (W.D. Wash. Jan. 17, 2014) (unpublished); *Patrick Collins, Inc. v. Doe 1*, 288 F.R.D. 233, 238−39 (E.D.N.Y. 2012).

[7]*See, e.g., Vision Films, Inc. v. John Does 1−24*, No. 12-1746-LPS-SRF, 2013 WL 1163988, at *4–5 (D. Del. Mar. 20, 2013) (unpublished); *Digital Sin, Inc. v. Does 1−176*, 279 F.R.D. 239, 242 (S.D.N.Y. 2012).

addresses to places in the Jacksonville Division. Doc. 1-1 at 1. Its allegations, based on experience and practical realities, make plausible that the subscribers are the infringers. Doc. 1 at 3−6. Its counsel, with a supporting affidavit from its co-owner, represents that its sole motivation is to protect its much-infringed copyrights, and, to that end, it targets only the worst infringers, does not initiate settlement talks, and takes seriously claims of innocence. Doc. 6-2.[8] Counsel further represents that almost all of the people who it has sued have been represented by counsel and stated that it is amenable to any condition that the Court deems warranted to protect the identities of possibly innocent defendants (while maintaining its position that the subscribers themselves are almost always the infringers).[9]

**Ruling**

A court has broad discretion in managing discovery. *Klay v. All Defendants*, 425 F.3d 977, 982 (11th Cir. 2005). It may permit a party to conduct discovery before a Fed. R. Civ. P. 26(f) conference, Fed. R. Civ. P. 26(d)(1), and for good cause may

---

[8]The Court previously conducted oral argument in a group of Malibu Media's other cases to discuss its request for permission to serve Comcast Cable with a subpoena before the Fed. R. Civ. P. 26(f) conference. *See, e.g., Malibu Media, LLC v. John Doe*, No. 3:13-cv-1579-J-32PDB (Doc. 10).

[9]At the previous oral argument, Malibu Media's counsel asserted that the chance of an infringer being not the subscriber but a Wi-Fi-stealing neighbor is slim because distance and walled-separation from the router would make the process extremely slow, most routers are password-protected, and most subscribers would detect unauthorized use through inordinate bandwidth usage and receipt of infringement warnings from their internet providers. Malibu Media's counsel acknowledged that the chance of the infringer being not the subscriber but his wayward housemate was higher, but emphasized that it would not pursue litigation against a subscriber who could establish that defense.

3

issue an order to protect a person from annoyance, embarrassment, oppression, or undue burden or expense, Fed. R. Civ. P. 26(c)(1).

Malibu Media wants permission to subpoena Comcast Cable to determine the name, address, telephone number, and email address of the person to whom Comcast Cable assigned the IP address allegedly used for infringement. Docs. 6 to 6-5. Because Malibu Media has established good cause (it has sufficiently alleged infringement, Doc. 1 at 3−6, and does not have another way to discover the putative defendant's identity necessary to proceed with the litigation, Doc. 6-3), subpoenas are warranted. But to protect from embarrassment the possibly innocent defendant, the Court imposes conditions common in these types of cases.[10] Given the representations of Malibu Media's counsel concerning its benign motives and plans, the Court does not find that conditions to prevent abusive settlement tactics are necessary.

Thus, the Court **grants** Malibu Media's motion, Doc. 6, under the following conditions:

1. Malibu Media may serve on Comcast Cable a Fed. R. Civ. P. 45 subpoena commanding the name, address, email address, and telephone number of the subscriber of the identified IP address. The subpoena must attach the complaint and this order.

2. Pending further order, neither party may file anything with the Court that identifies the defendant's real name.[11]

---

[10] *See, e.g.*, *Malibu Media, LLC v. John Doe*, No. 8:13-cv-3012 (Doc. 7); *Malibu Media, LLC v. John Does 1−26*, No. 8:12-cv-1077 (Doc. 8).

[11] The Court acknowledges the high standard for allowing a party to proceed anonymously, *see, e.g.*, *Plaintiff B v. Francis*, 631 F.3d 1310, 1315−16 (11th Cir. 2011), but finds that, at this preliminary stage of the litigation, the need to address the risk of naming an innocent defendant outweighs the public's interest in disclosing his identity.

3. Within five days of receiving the information from Comcast Cable, Malibu Media must provide a copy of this order to the defendant. Through this order, the Court notifies the defendant that he has a right to obtain legal counsel and that anything he says or provides may be used against him.

4. At least 14 days before obtaining a summons, Malibu Media must notify the defendant (or his counsel) of its intent to name and serve him. If he objects, he may provide his objections and any exculpatory evidence to Malibu Media's counsel (contact information below). If the parties resolve the case, Malibu Media must expeditiously file a notice of dismissal. If the parties do not resolve the case and Malibu Media wants to proceed against the defendant in his name, Malibu Media must file a motion to do so and properly serve the defendant with the motion. The defendant must respond to any such motion within 14 days. If he does not, Malibu Media may proceed to name and serve him under his proper name.

**Ordered** in Jacksonville, Florida, on October 2, 2014.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: M. Keith Lipscomb, Esquire
2 South Biscayne Boulevard, Suite 3800
Miami, Florida 33131
(786) 431-2228
klipscomb@lebfirm.com